UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Leon Hampton, | ) | C/A No. 2:25-cv-13976-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ofc. Taylor Schwartz<br>*Charleston Police (City)*, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Christopher Leon Hampton ("Plaintiff"), proceeding pro se, initiated this action against Officer Taylor Schwartz, Agent Ryan Kelley, and four Unknown Doe Charleston City Police Officers on December 22, 2025. ECF No. 1. He later filed an Amended Complaint, on May 1, 2026, leaving Officer Taylor Schwartz ("Defendant") as the sole Defendant. ECF No. 9.

Before the Court is Defendant's Partial Motion to Dismiss ("Motion"), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 16. As Plaintiff is proceeding pro se, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendant's Motion. ECF No. 18. Plaintiff filed a Response in Opposition to Defendant's Motion. ECF No. 25. Defendant's Motion is ripe for review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), (D.S.C.). Because the Motion to Dismiss is dispositive, this Report and Recommendation is entered for review by the District Judge. For the following reasons, the undersigned recommends that Defendant's Motion be granted.

**BACKGROUND**[1]

Plaintiff is a pretrial detainee at the Sheriff Al Cannon Detention Center. Records from Charleston County indicate that Plaintiff was arrested on January 22, 2024, on charges of "Possession of a weapon during a violent crime" (case no. 2024A1010200475) and "Assault / Attempted murder" (case no. 2024A1010200476).[2] Defendant is an officer of the City of Charleston Police Department. ECF No. 9 at ¶ I.B.

According to the Amended Complaint, Plaintiff was walking through a parking lot on Carriage Lane in West Ashley in Charleston on his way to a Circle K convenience store on January 21, 2024, at approximately 6:20 pm. *Id.* at IV.D. Plaintiff was "startled by someone in all black" who ran past him in the parking lot near parked vans. *Id.* Once Plaintiff walked around the vans, the figure in all black "had his gun out screaming." *Id.* Plaintiff then dropped his phone, picked it up and walked away from the man, when he felt something knock him down and heard gunshots. *Id.* Plaintiff was face down, turned, and saw Defendant Schwartz "move in for the kill." *Id.* According to Plaintiff, Defendant Schwartz never announced his presence as a police officer and shot Plaintiff from behind while Plaintiff was "retreating," striking Plaintiff once in his left elbow

[1] The Amended Complaint's factual allegations, and all reasonable inferences therefrom, are construed in the light most favorable to Plaintiff for purposes of ruling on Defendant's Motion. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] *See* Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Aug. 27, 2026). This Court "may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). Moreover, "a court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

*Id.*

Plaintiff asserts that Defendant deprived him of his constitutional rights under the Fourth and Eighth Amendments. *Id.* at II.A, II.D. Specifically, Plaintiff contends that Defendant unlawfully arrested/seized Plaintiff and used excessive force in violation of his Eighth and Fourth Amendment rights. *Id.* at II.B. Plaintiff also asserts state law claims for Assault and Battery, and Attempted Murder. *Id.* He seeks $1.2 million in relief. *Id.* at VI.

## LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the court is required to evaluate the complaint in its entirety, including documents attached to or incorporated into the complaint; accept the allegations in the pleading as true; and draw all reasonable factual inferences in favor of the party opposing the motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440, 448 (4th Cir. 2011). The court may consider a document not attached to the complaint, so long as the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

"A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not analogous to a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, pro se filings are to be "liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor

need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations and quotation marks omitted).

## DISCUSSION

In his Partial Motion to Dismiss, Defendant argues that Plaintiff's Eighth Amendment and Attempted Murder claims should be dismissed. ECF No. 16-1.

### I. Eighth Amendment Claims

Defendant first argues that the Eighth Amendment is not applicable to Plaintiff's claims because the Eighth Amendment's prohibition on cruel and unusual punishment applies only to convicted prisoners, not free citizens or pretrial detainees. ECF No. 16-1 at 2. In his Response, Plaintiff does not object to dismissal of the Eighth Amendment claim. ECF No. 25 at 2 ("There is no objection to dismissing the 8th Amendment violation.").

Upon review, the undersigned agrees that the Eighth Amendment is inapplicable to Plaintiff's claims. Plaintiff was not a convicted prisoner but rather, as alleged in the Amended Complaint, was freely walking through a parking lot at the time he was allegedly shot by Defendant. The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard," not under Eighth or Fourteenth Amendment frameworks. *Graham v. Connor*, 490 U.S. 389, 395 (1989) (emphasis in original); *see also Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) ("The Fourth Amendment prohibition on unreasonable seizures bars police officers from using excessive force to seize a free citizen."); *Mickle v. Ahmed*, 444 F. Supp. 2d 601, 607 (D.S.C. July 10, 2006) (applying a liberal construction to pro se plaintiff's § 1983 claims brought under the Eighth and Fourteenth Amendment as being brought under the Fourth Amendment). Thus, the Eighth

Amendment is inapplicable to Plaintiff's claims.

Because Plaintiff cannot assert a plausible claim entitling him to relief under the Eighth Amendment, all claims brought under the Eighth Amendment should be dismissed.[3]

## II. Attempted Murder Claim

Defendant argues that Plaintiff's claim for "Attempted Murder" should be dismissed because attempted murder "is a criminal charge and not a civil claim." ECF No. 16-1 at 3. In his Response, Plaintiff reiterates his claim that Defendant "did attempt to murder me when I posed no threats, made no threats." ECF No. 25 at 2. Upon review, the undersigned agrees with Defendant that Plaintiff's Attempted Murder claim is not cognizable in this civil action.

Attempted murder is a criminal charge, not a civil claim. S.C. Code Ann. § 16-3-29. Plaintiff has not alleged any facts to establish that the criminal statute for attempted murder creates a private cause of action, and "[t]he Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute,' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (observing that enforcement of statutory violation under § 1983 requires showing that "Congress *intended to create a federal right*") (emphasis in original). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and the discretion to prosecute an individual "does not reside in the judicial branch," *Chapman v. Hurley*, CA No. 6:17-cv-01072-TMC-KFM, 2017 WL 9289391, at *3 (D.S.C. May 5, 2017) (dismissing Plaintiff's claim against Defendant for perjury because it is not a recognized civil action under South Carolina

[3] Plaintiff has also pled a claim under the Fourth Amendment, which is still pending.

Code). *See Johnson v. Shirley*, CA No. 0:22-2772-SAL-PJG, 2022 WL 19036710, at *2 n.3 (D.S.C. Sept. 28, 2022) ("To the extent Plaintiff seeks criminal charges against the defendant, such relief is not cognizable in a civil lawsuit.").

Because criminal charges do not give rise to a civil cause of action nor otherwise afford cognizable relief in a civil lawsuit, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, his Attempted Murder claim against Defendant should be dismissed.

**CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Partial Motion to Dismiss (ECF No. 16) be **GRANTED** as to the claims brought pursuant to the Eighth Amendment and seeking criminal prosecution for Attempted Murder. All other claims in the Amended Complaint should remain pending at this time.

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

September 1, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).