**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Charles Leon Hampton,<br><br>Plaintiff,<br>v.<br><br>Officer Taylor Schwartz,<br><br>Defendant. | Case No. 2:25-cv-13976-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court grant Defendant's partial motion to dismiss. (Dkt. No. 31). The parties were advised that they had 14 days to file written objections to the R & R and that a failure to timely file objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 8). No written objections have been filed.

## I. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

The Magistrate Judge recommended that Plaintiff's claim arising under the Eighth Amendment be dismissed because the Eighth Amendment does not apply to pretrial detainees and that Plaintiff's claim that his attempted murder charge be dismissed because it is not cognizable under a Section 1983 action. Plaintiff filed no objections to the R & R. The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Defendant's partial motion to dismiss should be granted.

## III. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 31) is **ADOPTED** as the Order of the Court. Defendant's partial motion to dismiss (Dkt. No. 16) is **GRANTED**. Plaintiff's remaining claims are not affected by this Order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 23, 2026
Charleston, South Carolina